## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| IN RE:<br>**FOUR HATS INC,**<br>    Debtor. | **CHAPTER 11**<br><br>**CASE NO. 25-10554-PMB** |
| **FOUR HATS INC,**<br>    Movant,<br>**STORM HAVEN, L.L.C.,**<br>    Respondent. | **CONTESTED MATTER** |

### MOTION TO REJECT LEASE WITH STORM HAVEN, L.L.C.

COMES NOW Four Hats Inc (referred to herein as the "Debtor"), debtor and debtor in possession in the above-captioned case, by and through undersigned counsel, and hereby files this *Motion to Reject Lease with Storm Haven, L.L.C.* (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

### Jurisdiction

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On April 14, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3. Debtor is currently a debtor-in-possession and is taking any and all actions necessary to preserve, protect, and maximize the value of the estate pursuant to Bankruptcy Code §§ 1107 and 1108.

4. Debtor was a tenant pursuant to that certain non-residential real property lease (the "Lease") with Storm Haven, L.L.C. ("Respondent") for property located at 155 Industrial Way, Fayetteville, Georgia 30215, Fayette County (the "Property").

5. Debtor has removed all personal property, equipment, trade fixtures, and all other contents from the Property and vacated the property pre-petition on or before March 26, 2025. Debtor asserts that the Lease terminated pre-petition, but file this Motion out of an abundance of caution.

## Relief Requested

6. Debtor requests entry of an order pursuant to Bankruptcy Code §§ 105(a) and 365(a) authorizing Debtor to reject the Lease as of the Petition Date.

7. Through the rejection of the Lease, Debtor will be relieved from paying the rent under the Lease, as well as certain other costs associated with the Lease. By rejecting the Lease at this time, Debtor will avoid incurring unnecessary administrative charges that provide no tangible benefit to Debtor's estate.

8. Debtor has determined through an exercise of its business judgment to reject the Lease, and that such rejection is in the best interest of Debtor and other parties in interest.

## Notice

9. Debtor shows that service of this Motion upon the Respondent, the U.S. Trustee, and those parties who have filed an entry of appearance in the case constitutes sufficient notice

under Federal Rule of Bankruptcy Procedure 6006 and 9014; and Debtor requests that the Court authorize and direct service only upon such parties.

WHEREFORE, the Debtor prays that the Court enter an Order granting Debtor's Motion to reject the Lease as of the Petition Date and grant such further and other relief as the Court deems just and appropriate.

Respectfully submitted this 17th day of April, 2025.

                                        **JONES & WALDEN LLC**

                                        */s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Adam E. Ekbom
Georgia Bar No. 919724
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
lpineyro@joneswalden.com
aekbom@joneswladen.com
*Proposed Counsel for Debtor*