## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| IN RE:<br><br>**FOUR HATS INC,**<br><br>　　　**Debtor.** | **CHAPTER 11**<br><br>**CASE NO. 25-10554-PMB** |
| **FOUR HATS INC,**<br><br>　　　**Movant,**<br><br>**v.**<br><br>**BANK OF AMERICA, N.A., VSTATE FILINGS, 968 WEST VETERANS REALTY LLC d/b/a ASPIRE FUNDING PLATFORM, THORO CORPORATION, FIRST CORPORATE SOLUTIONS, CORPORATE SERVICE COMPANY, G AND G FUNDING GROUP LLC, BF HOLDINGS LLC, FAMILY FUNDING GROUP LLC, CAMBRIDGE ADVANCE,**<br><br>　　　**Respondents.** | **CONTESTED MATTER** |

## AMENDED MOTION REQUESTING ENTRY OF
## ORDER AUTHORIZING THE USE OF CASH COLLATERAL

COMES NOW Four Hats Inc ("Debtor"), and hereby files this *Amended Motion Requesting Entry of Order Authorizing the Use of Cash Collateral* (the "Motion"). The purpose of the amendment is to: (i) include information regarding the funding of the April 14, 2025 payroll as described starting on Paragraph 22 of the Motion below and (ii) provide a revised Budget attached hereto and incorporated herein as **Exhibit "A"**. In support of the Motion, Debtor shows the Court as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein is 11 U.S.C. §§ 105(a) and 363.

## BACKGROUND

2.      On April 15, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3.      Debtor has been operating since 2015 and was incorporated in Georgia in 2016 to provide traffic control services for construction, utility maintenance, emergency response, and special events (including, movie/film, sports events, concerts, and tradeshows) across Georgia and Texas. Debtor is a registered vendor of the Georgia Department of Transportation and an active member of the American Traffic Safety Services Association and the National Safety Council. Debtor operates from its office in Fayetteville, Georgia. Debtor's budget is attached hereto as **Exhibit "A"**.

4.      Pursuant to Bankruptcy Code Section 1107, Debtor continues to operate its business as a debtor-in-possession. Debtor is currently a debtor-in-possession and is taking any and all actions necessary to preserve, protect, and maximize the value of the estate and effectively reorganize.

5.      In order to preserve the estate, Debtor must have access to cash to pay the operating expenses of the Business.  If Debtor does not have the authority to use its available cash to pay operating expenses of the Business, including insurance, taxes, and compensation of its work force,

the Business' going concern value will be significantly harmed and the estate, along with its creditors, will be negatively affected.

## LIENS

6.      Bank of America, N.A. ("BofA"), asserts liens upon Debtor's assets as more particularly described in the UCC Initial Filing Number 007-2022-039610 filed on June 29, 2022, in the records of the Superior Court of Barrow County, Georgia, securing asserted outstanding indebtedness of approximately $931,500.00.

7.      Vstate Filings ("Vstate"), as representative, asserts liens upon Debtor's assets as more particularly described in the UCC Initial Filing Number 056-2024-00181 filed on June 21, 2024, in the records of the Superior Court of Fayette County, Georgia. Debtor is unsure of which creditor(s) Vstate is serving as representative, but shows it may be for: (i) BF Holdings LLC ("BF"), with an estimated asserted claim of $46,056.00; (ii) Family Funding Group LLC ("FFG"), with an estimated asserted claim of $130,000.00; or (iii) Cambridge Advance ("Cambridge"), with an estimated asserted claim of $58,800.00.

8.      968 West Veterans Realty LLC d/b/a Aspire Funding Platform ("968 West") asserts liens upon Debtor's assets as more particularly described in the UCC Initial Filing Number 001-2024-005228 filed on October 7, 2024, in the records of the Superior Court of Appling County, Georgia, securing asserted outstanding indebtedness of approximately $34,981.00.

9.      Thoro Corporation ("Thoro Corp") assert liens upon Debtor's assets as more particularly described in UCC Initial Filing Number 038-2025-002709 filed on February 5, 2025, in the records of the Superior Court of Coweta County, Georgia, securing asserted outstanding indebtedness of approximately $81,900.00.

10.     First Corporate Solutions ("FCS"), as representative, asserts liens upon Debtor's assets as more particularly described in: (i) the UCC Initial Filing Number 056-2025-000435 filed on March 14, 2025 in the records of the Superior Court of Fayette County, Georgia and (ii) the UCC Initial Filing Number 001-2025-001286 filed on March 14, 2025 in the records of the Superior Court of Appling County, Georgia. Debtor is unsure of which creditor(s) FCS is serving as representative, but shows it may be for: (i) BF Holdings LLC ("BF"), with an estimated asserted claim of $46,056.00; (ii) Family Funding Group LLC ("FFG"), with an estimated asserted claim of $130,000.00; or (iii) Cambridge Advance ("Cambridge"), with an estimated asserted claim of $58,800.00.

11.     Corporate Service Company ("CSC"), as representative, asserts liens upon Debtor's assets as more particularly described in the UCC Initial Filing Number 038-2025-006469 filed on March 24, 2025, in the records of the Superior Court of Coweta County, Georgia. Debtor is unsure of which creditor(s) CSC is serving as a representative, but shows it may be for: (i) BF Holdings LLC ("BF"), with an estimated asserted claim of $46,056.00; (ii) Family Funding Group LLC ("FFG"), with an estimated asserted claim of $130,000.00; or (iii) Cambridge Advance ("Cambridge"), with an estimated asserted claim of $58,800.00.

12.     G And G Funding Group LLC ("G&G") asserts liens upon Debtor's assets as more particularly described in the UCC Initial Filing Number 038-2025-006640 filed on March 25, 2025, in the records of the Superior Court of Coweta County, Georgia, securing asserted outstanding indebtedness of approximately $500,000.00.

13.     Debtor is not aware of any other claims of perfected liens or security interests in Cash Collateral.

14.    Currently, upon information and belief, Debtor had approximately $9,195.25 cash on hand and approximately $793,000.00 in accounts receivable.

## RELIEF REQUESTED

15.    By this Motion, Debtor requests that the Court enter an order authorizing Debtor's use of cash collateral based on the Budget attached hereto as **Exhibit "A"** and enter the proposed order attached hereto as **Exhibit "B"**. Simultaneously with the filing of this Motion, Debtor is filing a Motion for Expedited Hearing requesting an interim hearing on the Court's next available calendar on or before April 21, 2025.

## BASIS FOR RELIEF

16.    Section 363(c)(2) provides that a debtor in possession may not use Cash Collateral unless an entity that has an interest in such cash collateral consents or the court approves the use of such cash collateral. Section 363(p) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest. Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than fourteen (14) days after service of the motion.

17.    Debtor requests the Court enter an Order authorizing Debtor to use Cash Collateral: (a) in accordance with the budget attached hereto as Exhibit "A", the expenditures therein which Debtor may increase by no more than ten percent (10%) of the total amount of the budget and Debtor may carry over any unused budgeted amount; and (b) or for other matters pursuant to orders entered by this Court after appropriate notice and hearing, except further provided that Debtor may pay the actual amount owed or deposit required to any utility, taxing authority, or insurance company.

18.     Debtor has an immediate need to continue the operation of the Business and to protect the interests of the estate. Without the use of Cash Collateral and the ability to operate, Debtor will not be able to maintain the going concern value of the estate.

19.     The entry of an Order granting Debtor's Motion to use Cash Collateral is in the best interests of Debtor's estate and its creditors.

20.     Notice pursuant to Federal Rule of Bankruptcy Procedure 4001(b) is being sent to all parties required by such rule.  Specifically, notice of this Motion and any hearing thereon shall be provided to Respondents, the United States Trustee, and Debtor's twenty (20) largest creditors.

21.     Debtor requests that the Court approve the expenditures listed in Exhibit "A" which are reasonably necessary for the continued operation of Debtor's business affairs. Debtor has included a proposed Cash Collateral Order as Exhibit "B" hereto.

### APRIL 14, 2025 PAYROLL TRANSACTION

22.     In addition to the foregoing, the Debtor requests that the Court resolve a pre-petition bank transaction intended to fund payroll which was due on April 14, 2025.

23.     On April 14, 2025, David Garten, the Debtor's single member, President, and CEO, issued a check drawn on the Debtor's PNC Bank Account (the "PNC Account") for $40,000.00 to be deposited in one of the Debtor's Bank of America Bank Account's (the "BofA Account") to fund this pre-petition compensation which was due that same day.

24.     On April 17, 2025, post-petition and after the Cash Collateral Motion was filed, Mr. Garten was informed that, despite sufficient funds in the account to cover the transaction, PNC Bank rejected the April 14 check alleging that the signature on the check did not match Mr. Garten's signature.

25.    In addition, Debtor's counsel has been informed by John Harrelson, PNC Bank's in-house counsel, that, as a result of the filing of this bankruptcy case, the Debtor's PNC Account has been frozen and the Debtor will not be able to use said account until after PNC Bank receives an order authorizing use of the account from the Bankruptcy Court, such as a Cash Collateral Order.

26.    As a result, the Debtor is currently unable to fund the payroll that was disbursed on April 14, 2025 and the PNC Account includes funds earmarked for this transaction that should have been deposited into the BofA Account pre-petition.

WHEREFORE, for all of the above reasons, Debtor requests that the Court:

a)    authorize the Debtor to pay the expenses and other expenditures reasonably necessary for the continued operation of the Debtor's Business to avoid immediate and irreparable harm to the estate as detailed on Exhibit "A" and in this Motion;

b)    enter the Order attached hereto as Exhibit "B" and granting the relief sough therein; and

c)    grant the Debtor such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED this 18th day of April, 2025.

**JONES & WALDEN LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Adam E. Ekbom
Georgia Bar No. 919724
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
lpineyro@joneswalden.com
aekbom@joneswalden.com
*Proposed Attorneys for Debtor*

**<u>Exhibit "A"</u>**


**Revised Budget**

# FOUR HATS INC. ESTIMATED BUDGET

| | | Wk Ending 4/18 | Wk Ending 4/25 |
|---|---|---|---|
| **INCOME** | | $ 365,052.00 | $ 100,976.00 |
| | | | |
| **Payroll - Hourly Georgia** | | | |
| Wages | | $ 13,254.13 | |
| Soc Sec EE | | $ 1,643.52 | |
| Med EE | | $ 384.34 | |
| Federal W/H | | $ 262.72 | |
| Georgia W/H | | $ 239.01 | |
| Payroll Billing | | $ 100.25 | |
| | | | |
| Wages | | | $ 17,883.79 |
| Soc Sec EE | | | 2217.6 |
| Med EE | | | 518.64 |
| Federal W/H | | | $ 1,699.68 |
| Georgia W/H | | | $ 766.10 |
| Insurance | | | $ 125.45 |
| Payroll Billing | | | $ 100.25 |
| | | | |
| **Payroll - Hourly- Texas** | | | |
| Wages | | $ 17,816.73 | |
| Soc Sec EE | | $ 2,209.26 | |
| Med EE | | $ 516.68 | |
| Federal W/H | | $ 714.24 | |
| TX SUI ER & TX ER EMPL Training | | $ 76.74 | |
| Payroll Billing | | $ 100.25 | |
| | | | |
| **Payroll  Salary  Texas** | | | |
| Wages | | | $ 11,730.77 |
| Soc Sec EE | | | $ 722.01 |
| Med EE | | | $ 168.86 |
| Federal W/H | | | $ 1,323.66 |
| Insurance | | | $ 85.39 |
| TX SUI ER & TX ER EMPL Training | | | $ 13.85 |
| Payroll Billing | | | $ 100.25 |
| | | | |
| Payroll - Police Officers | | $ 6,000.00 | $ 6,000.00 |
| | | | |
| David Garten Salary | | | $ 4,000.00 |
| Tatjana Garten  Salary | | | $ 2,500.00 |
| Faulkner Commercial Group Inc. | Bookeeper  Per Week | $ 2,500.00 | $ 2,500.00 |
| Michael Faulkner | | | |
| **Total Payroll** | | $ 45,817.87 | $ 52,456.30 |
| | | | |
| About You Medical | Health Insurance | | |
| ADOBE | Dues & Subscriptions | $ 19.99 | $ 19.99 |
| Allstate Benefits | Health Insurance | | |
| ALP-ARC II AMWW Operating Co | Office Lease 200 Marietta Pkwy | $ 6,217.54 | |
| Ally Bank | Fleet Loan | | |
| Ally Bank | Fleet Loan | | |
| Ally Bank | Fleet Loan | | |
| Amazon | | | |
| Bank Fees | | | |
| CarbonLess on Demand | Office Supplies Expense | | |
| Cincinnati Insurance Company | Vehicle Insurance 35375 | $ 11,135.00 | |
| City of Fayetteville Water & Sewer | Utilities  150 Industrial | | |
| City of Marietta | Personal Property Taxes  21-24 | | |
| CMIT Solutions | Contractor IT | $ 885.00 | |
| Cobb County Tax Commissioner | Personal Property Taxes 2021 - 2024 | | |

| Vendor | Description | Wk Ending 4/18 | Wk Ending 4/25 |
|---|---|---|---|
| Comcast | Cable & Internet | | $ 341.65 |
| Comcast | Cable & Internet | | $ |
| Comcast | Cable & Internet | | $ 182.51 |
| CONNECTEAM | Dues & Subscriptions | $ 448.00 | |
| DCS Computer Services | Contractor IT | | $ 380.00 |
| Embark Safety, LLC | Employee Screenings | | |
| Encova GA | Workers Comp Insurance | $ 2,031.00 | |
| Encova TX | Workers Comp Insurance | $ 668.00 | |
| Enterprise Leasing | Fleet Vehicle Leasing | | |
| Fayette County Tax Commissioner | Personal Property Taxes 2022, 23, 24 | | |
| Fayette County Water System | Utilities 540 Marksmen | | |
| First Citizens Bank | N/P Wells Cargo Trailer | | |
| Ford Credit | Fleet Loan | | |
| Fuel | | $ 10,000.00 | $ 10,000.00 |
| Gas South | Utility 155 Industrial  Vacated | | |
| Gas South | Utility 200 Marietta Pkwy | | $ 293.00 |
| Georgia Power Co 13th +/- | Utilities 150 Industrial | $ 195.00 | |
| Georgia Power Co | Utilities 155 Industrial (Est Final Bill) | | |
| Georgia Power Co | Utilities 155 Industrial (Est Final Bill) | | |
| Georgia Power Co 13th | Utilities 540 Marksmen Ct | | |
| GoDaddy | Dues & Subscriptions | | |
| HD Fleet, LLC | Truck cameras | | |
| Indeed | Recruiting | $ 120.00 | |
| Independent Studio Services | Office Lease 540 Marksmen Ct | $ 3,926.71 | |
| Invarion Rapid Plan | Professional Memberships | | |
| IPFS Corporation | Umbrella Liability Insurance | $ 49,000.00 | |
| Legacy Financial Services, LLC | CPA (Taxes) | | |
| Marietta Power | Utilities  200 Marietta Pkwy | | $ 250.00 |
| Marketplace Chaplains | Health Insurance | | |
| Marvin Williams | Office Rent or Lease  150 Industrial | $ 4,206.40 | |
| Mitsubishi Capital | Fleet Vehicle | | |
| Nova Medical Centers | Rapid Drug Screen | | |
| Oldenburg & Stiner, P.C. | Legal Fees | | |
| Online Flagger | New Hire Training | | |
| Pack I-20 Holdings LLC | Office Rent or Lease  Texas Office | $ 7,282.11 | |
| Principia Life, LLC | Dental,Vision, Life Insurance | | |
| Quickbooks | Dues & Subscriptions | $ 235.00 | |
| RMA TOLL/ TX Toll/TX Tag Process | Tolls, Fees & fines | | |
| Staff Zone | Tempoary Staffing - Flaggers | $ 2,537.18 | |
| Stream Gas | Utilities 540 Marksmen | | |
| Stripes & Stops Co. Inc. | Truck Mounted Attenuator Rental | $ 9,742.50 | $ 9,742.50 |
| The Hartford | Insurance | | |
| USR Electric Texas (2 mters) | Utilites 6627 Corp Pkwy Ft Worth Ofc | | $ 500.00 |
| Verizon | Telephone Expense | 822.05 | |
| Western Highways Traffic Truck Pr | Truck Mounted Attenuator Rental | $ 4,200.00 | |
| | | | |
| Total Expenses | | $ 159,489.35 | $ 74,165.95 |
| | | | |
| **NET** | | **$ 205,562.65** | **$ 26,810.05** |
| | | **Wk Ending 4/18** | **Wk Ending 4/25** |

**Exhibit "B"**


**Proposed Cash Collateral Order**


**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **FOUR HATS INC,** | |
| **Debtor.** | **CASE NO. 25-10554-PMB** |
| **FOUR HATS INC,** | |
|     **Movant,** | |
| **v.** | |
| | **CONTESTED MATTER** |
| **BANK OF AMERICA, N.A., VSTATE FILINGS, 968 WEST VETERANS REALTY LLC d/b/a ASPIRE FUNDING PLATFORM, THORO CORPORATION, FIRST CORPORATE SOLUTIONS, CORPORATE SERVICE COMPANY, G AND G FUNDING GROUP LLC, BF HOLDINGS LLC, FAMILY FUNDING GROUP LLC, CAMBRIDGE ADVANCE,** | |
|     **Respondents.** | |

**ORDER GRANTING MOTION REQUESTING ENTRY OF**
**ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

THIS MATTER came before the Court for a hearing on April ___, 2025 at ____a.m./ p.m.

(the "Cash Collateral Hearing") on the *Motion Requesting Order Authorizing the Use of Cash*

*Collateral* (Doc. No. ____) (the "Motion") and request for expedited hearing filed by Four Hats Inc

(the "Debtor") on April 17, 2025.

At the Cash Collateral Hearing, Leslie Pineyro appeared on behalf of the Debtor. (Name)

appeared on behalf of the United States Trustee.

The Court, having considered the Motion filed by the Debtor and the Budget attached

hereto as **Exhibit "A"**, the presentation of counsel and all other matters of record, finds as follows:

A.      On April 15, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief

under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United

States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, commencing this

Bankruptcy Case (the "Case").

B.      Since the Petition Date, Debtor has operated as a debtor-in-possession under

Sections 1107 of the Bankruptcy Code.

C.      Debtor has been operating since 2015 and was incorporated in Georgia in 2016 to

provide traffic control services for construction, utility maintenance, emergency response, and

special events (including, movie/film, sports events, concerts, and tradeshows) across Georgia and

Texas. Debtor is a registered vendor of the Georgia Department of Transportation and an active

member of the American Traffic Safety Services Association and the National Safety Council.

Debtor operates from its office in Fayetteville, Georgia.

D.      Bank of America, N.A. ("BofA"), Vstate Filings ("Vstate"), 968 West Veterans

Realty LLC d/b/a Aspire Funding Platform ("968 West"), Thoro Corporation ("Thoro Corp"), First

Corporate Solutions ("FCS"), Corporate Service Company ("CSC"), and G And G Funding Group

LLC ("G&G") (collectively, the "Respondents") may assert an interest in Debtor's Cash Collateral as detailed in this Motion. [1]

  E.  Debtor asserts that based upon a review of records and financing statements, it does not appear that any other party asserts an interest in Debtor's Cash Collateral.

  F.  Debtor shows that it requires the use of Cash Collateral to pay its labor force and pay its other operating expenses.

  G.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Sufficient notice has been given under the circumstances in order to avoid irreparable harm to the Debtor's estate.

  For the reasons stated on the record, and the Court being otherwise informed, it is hereby

**ORDERED** that:

  1.  The aforesaid findings, enumerated in paragraphs A through G above, are hereby incorporated into this Order as if fully set forth herein.

  2.  For as long as the Debtor faithfully performs its obligations under this Order, the Debtor shall have the right to use the Cash Collateral subject to the terms of this Order.

  3.  Debtor is authorized to use Cash Collateral generated from the Business and otherwise: (a) in accordance with the expenses on the budget attached hereto as **Exhibit "A"**, the line items of which Debtor may modify by no more than ten percent (10%) of the total amount of the budget and Debtor may carry over any unused budgeted amount; and (b) or for other matters pursuant to orders entered by this Court after appropriate notice and hearing, except further

---

[1] Debtor is unsure of which creditors Vstate, FCS, and CSC are serving as a representative, but shows it may be for: (i) BF Holdings LLC, (ii) Family Funding Group LLC, or (iii) Cambridge Advance.

provided that Debtor may pay the actual amount owed or deposit required to any utility, taxing authority, or insurance company.

4.     Pursuant to 11 U.S.C. §361(2), Respondents shall be granted replacement liens in Debtor's assets of the same type as Respondent's pre-petition collateral to the extent that Debtor's use of the Respondents' Cash Collateral results in a decrease in value of Respondent's interest in such property to the same extent, validity, and priority as Respondents' lien(s) in Cash Collateral on the Petition Date, provided, however, that the replacement liens shall exclude all claims and causes of action under Sections 544, 545, 546, 547, 548, 549, 550 and 553 (b) of the Bankruptcy Code. The continuing validity of any and all financing statements filed by Respondents that were effective to perfect the security interests asserted by Respondents pre-petition are hereby expressly confirmed, and deemed sufficient to perfect the replacement liens granted by this Order.

5.     This Order is without any prejudice to Respondents to seek relief from the stay or dismissal of this Case, and contest the nature, extent, validity or priority of any lien or security interest, the filing of the Debtor's bankruptcy petition, any plan of reorganization or disposal of assets under Section 363 of the Bankruptcy Code, or any other proposed treatment of Respondents' asserted claim(s).

6.     This Order is also entered without prejudice to the claims, rights, and actions that: (A) Debtor may have to challenge the nature, validity, or extent of the liens or debts asserted by Respondents; and (B) Respondents may assert in any action by Debtor to challenge the nature, validity, or extent of the liens or debts they may assert.

7.     This Order shall constitute an interim order for the authorization to use the Cash Collateral pursuant to Section 363 of the Bankruptcy Code and Fed. R. Bankr. P. 4001(b)(2).

   **a. The Court shall hold a final Cash Collateral hearing (the "<u>Final Cash Collateral Hearing</u>") on the Motion at (Time a.m.) on (DATE), in Courtroom**

**1202, Richard Russell Federal Building & U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

8.      Notwithstanding anything to the contrary within Bankruptcy Rule 4001(b)(2) or any other rule of similar import, this Order shall be effective immediately upon its entry.

9.      Counsel for Debtor is directed to serve a copy of this Order upon the U.S. Trustee, Respondents to the Motion, and all creditors and parties in interest within three days of entry of this Order and to file a certificate of such service within three days of mailing.

**[END OF ORDER]**

Prepared and presented by:
**JONES & WALDEN LLC**
*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Adam E. Ekbom
Georgia Bar No. 919724
*Proposed Attorneys for Debtor*
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
lpineyro@joneswalden.com
aekbom@joneswalden.com
*Proposed Attorneys for Debtor*

**Distribution List:**

Leslie M. Pineyro, Jones & Walden LLC, 699 Piedmont Ave, NE, Atlanta, Georgia 30308

Office of the United States Trustee, Suite 362, Richard B. Russell Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303